# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HECTOR VALENTINE, | : | |
| Petitioner, | : | |
| v. | : | No.: 4:17-CV-1770 |
| WARDEN SPAULDING, | : | (Judge Brann) |
| Respondent. | : | |

## MEMORANDUM OPINION

### DECEMBER 12, 2017

**I.**  **BACKGROUND**

Hector Valentine, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood) filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241. Named as Respondent is USP-Allenwood Warden Spaulding. The required filing fee has been paid.

Petitioner states that he is presently serving a sentence which was imposed by the United States District Court for the Southern District of New York. *See* Doc. 1, ¶ 10. Valentine indicates that his sentence was enhanced because it was determined that he was a career offender. He admits that he previously filed a motion with the sentencing court pursuant to 28 U.S.C. § 2255 which was denied

on November 10, 2015.[1] *See id.*, ¶ 10.

Petitioner's pending action vaguely asserts that he is entitled to federal habeas corpus under *Harbin v. Sessions*, 860 F.3d 58 (2nd Cir. 2017) and *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016) because the career offender enhancement was improper because it was improperly premised in part on a New York state conviction for fifth degree criminal sale of a controlled substance.[2] Valentine further contends that his § 2255 remedy is inadequate or ineffective.

## II. DISCUSSION

### A. Standard of Review

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). *See, e.g., Mutope v. Pennsylvania Board of Probation and Parole*, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

---

[1] Petitioner notes that the issues raised in that proceeding are not applicable to his pending action.

[2] *Harbin* addressed the issue of whether a New York state conviction for criminal sale of a controlled substance in the fifth degree constituted an aggravated felony under the Immigration and Nationality Act.

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." *Gorko v. Holt,* Civ. No. 4:05-cv-956, 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005)(McClure, J.)(quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

**B.** *Dorsainvil*

Since he initiated his action before this Court, Petitioner is apparently arguing that he may bring his present claim of an improperly enhanced sentence via a § 2241 petition. It would appear that it is Valentine's contention that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at USP-Allenwood.

When challenging the validity of a federal sentence and not its execution, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255.[3] *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *Russell v. Martinez*, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in

---

[3] A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005).

the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. *Dorsainvil*, 119 F.3d at 251; *Russell*, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

Here, Valentine's instant claim is not based upon a contention that the conduct which led to his conviction is no longer criminal as a result of some change in the law. Rather, Valentine's action only challenges his sentence enhancement for being a career offender. As recognized by the Honorable Kim R. Gibson in *Pollard v. Yost*, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of

the statute, no longer criminal."

Since Petitioner's argument concerns the validity of his sentence, he must follow the requirements of § 2255. As noted earlier, Petitioner states that he previously filed a § 2255 action with the Southern District of New York. However, he indicates that his pending argument was not raised in that prior proceeding.

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id*. at 539. *See also, Alexander v. Williamson*, 324 Fed. Appx. 149, 151 (3d Cir. 2009). Here, Petitioner's pending argument is not based upon a contention that his conduct is no longer criminal as a result of some change in the law made retroactive to cases on collateral review. Valentine has also not shown that he was unable to present his claim in a successive § 2255 proceeding or that it is based upon any newly discovered evidence.

More importantly, challenges to career offender status are not properly raised under § 2241. *See Thomas v. Warden, Fort Dix*, No. 17-2502, 2017 WL 2225574 *2 (D.N.J. May 19, 2017). Courts within this circuit have also concluded

that *Mathis* has not been found by the Supreme Court to apply retroactively to cases on collateral review. *See United States v. Villella*, No. 16-544, 2017 WL 1519548 *6 (W.D. Pa. April 27, 2017).

Clearly, Valentine's pending claim does not fall within the narrow *Dorsainvil* exception to the general rule that § 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. *See Levan v. Sneizek*, 325 Fed. Appx. 55, 57 (3d Cir. April 2009)*; Wyatt v. Warden Fort Dix*, No. 17-1335, 2017 WL 1367239 *2 (D.N.J. April 10, 2017) (*Mathis* based sentencing enhancement claim not properly asserted under § 2241). Since there is no basis for a determination that § 2255 is inadequate or ineffective to test the legality of Petitioner's career offender sentencing enhancement, his § 2241 petition will be dismissed for lack of jurisdiction. Of course, this dismissal has no effect on Petitioner's right to seek permission to pursue a successive § 2255 action with the sentencing court.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge